EXHIBIT A

Leslie Biggs 47-014-1325

27 86000 5487

## NOTE AND PURCHASE AGREEMENT

This Agreement between Quentin Woods Corporation, an Illinois Corporation (hereinafter referred to as "Borrower" and Michael Hollerich IRA (hereinafter referred to as "Lender"). Borrower owes Lender the principal sum of Seventy Five Thousand Dollars ($75,000). This debt is evidenced by this Note which secures to Lender; (a) the repayment of the debt and (b) the performance of Borrower's covenants and agreements under this Agreement.

Borrower agrees to transfer to Lender a Twelve and 1/2 Percent (12.5%) ownership in Quentin Woods Corporation. In addition, Lender shall receive an unrecorded Note on the property located at Quentin and Wood Street for the amount of $75,000.00. Lender shall receive repayment on any money advanced prior to any other shareholders of Quentin Woods Corporation. Lender shall receive a payment of 20% interest per annum which shall accrue until Lender transfers his security interest to a new shareholder at which time he will receive the greater of 20% interest per annum or the purchase price for his shares.

### RECITALS:

A.   This Note is made by the undersigned, Quentin Woods Corporation an Illinois Limited Liability Company ("Maker"), and is payable to the order of Michael Hollerich I.R.A., Horizon Bank Custodian ("Payee").

B.   This Note is issued by Maker to evidence the obligation of Maker to repay to Payee the Loan (as defined below) made by Payee to Maker on the date hereof, together with interest thereon accrued at the Interest Rate (as defined below).

The security interest for this Note shall be an unrecorded Note on property held in Quentin Woods Corporation and an ownership interest of 12.5% in Quentin Woods Corporation.

The covenants and agreements of the Note shall bind and benefit the successors and assigns of Lender and Borrower.

This instrument is governed by the law of the State of Illinois and Cook County, Illinois shall be the sole place of venue in adjudicating any disputes arising hereunder.

1.   Default and Remedies.

(a)   In the event (i) default is made in the payment of any part of the principal or interest of this Note as such payments become due and payable, or in the payment of any other sums due pursuant to the terms of this Note as such

sums become due and payable, and such default continues for five (5) Business Days following the receipt by Maker of written notice thereof, or (ii) Maker shall (A) have an order for relief entered with respect to it under the United States Bankruptcy Code which order is not stayed or dismissed within sixty (60) days of its entry, or (B) make an assignment for the benefit of creditors, or (C) apply for, seek, consent to, or acquiesce in, the appointment of a receiver, custodian, trustee or similar official for it or any substantial part of its property, or (D) be named as the debtor in any voluntary or involuntary proceeding seeking an order for relief under the United States Bankruptcy Code or seeking to adjudicate it bankrupt or insolvent, or seeking the liquidation of its assets or the arrangement, adjustment or composition of its debts under any law relating to bankruptcy, insolvency or reorganization or relief of debtors and, in the event of an involuntary proceeding, such proceeding is not stayed or dismissed within sixty (60) days of filing (collectively "_Events of Default_"), then in any such event, Payee shall have the option to declare the unpaid principal of this Note, together with all accrued but unpaid interest and other sums owing hereunder at once due and payable, and to exercise any and all other rights and remedies available to Payee at law or in equity, and, from and after an Event of Default, interest shall accrue on all amounts due and owing under this Note at the rate of twenty percent (20%) per annum.

(b) The remedies of Payee, as provided herein, shall be cumulative and concurrent, and may be pursued singularly, successively or together, at the sole discretion of Payee, and may be exercised as often as occasion there for shall arise. No act of omission or commission of Payee, including specifically any failure to exercise any right, remedy or recourse, shall be deemed to be a waiver or release of the same, such waiver or release to be effected only through a written document executed by Payee and then only to the extent specifically recited therein. A waiver or release with reference to any one event shall not be construed as continuing, as a bar to, or as a waiver or release of, any subsequent right, remedy or recourse as to a subsequent event.

2. _Miscellaneous_.

(a) The headings of the paragraphs of this Note are inserted for convenience only and shall not be deemed to constitute a part thereof.

(b) All payments under this Note shall be payable in immediately available funds in lawful money of the United States which shall be legal tender for public and private debts at the time of payment. Except as otherwise provided herein, all payments (whether of principal, interest or other amounts) which are applied at any time by Payee to indebtedness evidenced by this Note may be allocated by payee to principal, interest or other amounts as Payee may determine in Payee's sole discretion. Payee shall notify Maker when it allocates payments other than to interest and principal.

    (c)    This Note shall be governed by and construed under the laws of the State of Illinois.

3. Notice.

All notices or other communications required or permitted hereunder shall be (a) in writing and shall be deemed to be given either (i) when delivered in person, (ii) when received after deposit in a regularly maintained receptacle of the United States mail as registered or certified mail, postage prepaid, (iii) when received if sent by private courier, or (iv) on the day on which the party to whom such notice is addressed refused delivery by mail or by private courier service and (b) addressed as follows:

If to any Maker, to:    Quentin Woods Corporation
    600 Green Bay Road
    Kenilworth, IL 60043
    Attn. Bob Acri

If to Payee, to:    Horizon Bank
    FBO Michael Hollerich, IRA

or to each such party at such other addresses as such party may designate in a written notice to the other parties.

4. Assignment.

Payee may not assign or sell all or any portion of Payee's interest in this Note or all or any portion of Payee's rights hereunder unless an Event of Default has occurred and is continuing. This Note and all provisions hereof shall inure to the benefit of the heirs, legal representatives, successors and assigns of Payee.

Both Borrower and Lender have read this document and understand its contents. Both parties understand that Robert C. Acri has prepared this document and is not representing either party in this matter. In addition, Robert Acri is NOT serving as advisor to Lender for investment purposes. Lender also understands that this investment is subject to risk and that this investment is not a security under the Laws of the State of Illinois; Lender has made this investment and is an accredited investor who understands investments and their risks.

Dated: March 21, 2012

_____
Quentin Woods Corporation
By: Robert C. Acri, Shareholder

_____
Sue Ellyn Jones, Trust Officer