UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HOLLERICH and LAURA HOLLERICH, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT C. ACRI, KENILWORTH ASSET MANAGEMENT, LLC, QUENTIN WOODS CORPORATION, PRAEDIUM DEVELOPMENT CORP., and KAM PRIVATE FUND, LLC, <br><br> Defendants. | No. 14 CV 10411 <br><br> Judge Manish S. Shah |

ORDER

Plaintiffs are awarded a total of $272,419.57 in damages, attorneys' fees, and costs. Enter judgment and terminate civil case.

STATEMENT

Judgment was entered against Kenilworth on plaintiffs' claims involving the Securities Exchange Act of 1934, the Investment Advisers Act of 1940, the Illinois Securities Act, and common law fiduciary duties.[1] *See* [121]. I directed plaintiffs to prove up their compensatory damages, attorneys' fees, and costs as it related to their claims involving the Woodmar Project and the QWC project. *Id.* at 15. The parties agreed that the court could resolve the damages prove-up on the papers, and that an evidentiary hearing would not be necessary. *See* [127]. To prove their damages, plaintiffs filed two affidavits with supporting exhibits. [128]; [129]; [129-1]; [130]. Defendants did not file a timely response to challenge these filings.

The first affidavit, from Laura Hollerich, states that her actual damages are $175,000 from investing in the Woodmar Project and the QWC project. [128] ¶ 3. Without citation to authority, Hollerich also states:

---

[1] Previously, I entered orders of default against defendants Quentin Woods Corporation and KAM Private Fund, LLC, *see* [44], as well as against defendant Robert Acri, *see* [72]. Bracketed numbers refer to entries on the district court docket.

> Federal courts utilize compound interest. The weekly average 1-year constant maturity Treasury-yield in the week preceding the judgment was 1.02% compounded annually and the Illinois state court prejudgment interest is 9% simple. Therefore, the prejudgment interest rate that should be applied here should be 3% compound.

*Id.* ¶ 6. Plaintiffs offer no explanation for their derivation of the requested compound interest rate.

In a federal question case like this one, which also involves supplemental state-law claims, federal law governs whether prejudgment interest applies to the federal claims, and state law governs whether it applies to the state-law claims. *See Freeman v. Package Mach. Co.*, 865 F.2d 1331, 1345 (1st Cir. 1988); *Mallis v. Bankers Tr. Co.*, 717 F.2d 683, 692 n.13 (2d Cir. 1983); *Stulberg v. Intermedics Orthopedics, Inc.*, 1999 WL 759608, at *10 (N.D. Ill. 1999). Under both federal and Illinois law, prejudgment interest is applied to fully compensate the plaintiff, not to penalize the defendant for its conduct. *Thorncreek Apartments III, LLC v. Mick*, 2018 WL 1474030, at *6 (7th Cir. 2018); *In re Estate of Wernick*, 127 Ill.2d 61, 87 (1989).

Prejudgment interest is presumptively available to victims of federal-law violations, but ultimately, whether to award prejudgment interest is left to the district court's discretion. *Pickett v. Sheridan Health Care Center*, 813 F.3d 640, 647 (7th Cir. 2016). There is no federal statutory rate of prejudgment interest; the amount varies according to the circumstances of the case. *Cement Div., Nat'l Gypsum Co. v. City of Milwaukee*, 144 F.3d 1111, 1114 (7th Cir. 1998). Typically, federal courts use the prime rate for the relevant years. *Id.* Plaintiffs did not identify the prime rate here.

Illinois does not provide a presumptive right to receive prejudgment interest. *In re Marriage of Pitulla*, 202 Ill.App.3d 103, 118 (1st Dist. 1990). Such interest is available if it is permitted by statute or if there is an existing agreement between the parties. *Id.* Under the Illinois Interest Act, creditors are entitled to prejudgment interest at a rate of 5% per year if: (1) they lent or advanced money to the defendant; (2) they entered into a settlement agreement with the defendant; (3) the defendant received money for its own use and retained it without the plaintiffs' knowledge; or (4) there was an unreasonable and vexatious delay of payment. *See* 815 ILCS § 205/2. Plaintiffs have not established that they satisfy the statute's criteria or that the parties' had an existing agreement that is relevant here. Fortunately for plaintiffs, Illinois courts have awarded prejudgment interest where a fiduciary or confidential relationship was violated and the equitable considerations warrant recovery. *In re Marriage of Pitulla*, 202 Ill.App.3d at 118.

Given my previous conclusion that defendants violated the common law fiduciary duties they owed to plaintiffs, *see* [121] at 12–13, I now conclude that plaintiffs are entitled to prejudgment interest.

Hollerich's affidavit asserts that she is entitled to $208,959.20 in compensatory damages, because that is the amount owed after the principal investment ($175,000.00) compounds at 3% per year for six years.[2] [128] ¶¶ 7–8. Again, I am unaware of how plaintiffs arrived at a 3% compound interest rate, but the amount they request using that interest rate is less than the amount that the Illinois Interest Act would have provided at 5% per year ($227,500.00). Since the Illinois statute does not apply, and only equitable considerations guide my decision-making, I conclude that plaintiffs' requested $208,959.20 is a reasonable amount of compensatory damages for plaintiffs to recover here. That amount is sufficient to make plaintiffs whole, taking into account the time value of money; I need not calculate the prejudgment interest rate for plaintiffs' federal claims because any additional amount of compensatory damages would be excessive here, bordering on punitive. Plaintiffs have waived any argument that they are entitled to a greater recovery.

Hollerich says that she has incurred attorneys' fees and costs of $64,221.72, and that at the time of writing the affidavit, she owed a balance of $684.00; but, that she anticipated another $3,500 in fees. *Id.* ¶¶ 4–5. As such, Hollerich calculates her total attorneys' fees and costs as $68,405.72. *Id.* Plaintiffs' attorney, Megan Mathias, also submitted an affidavit and exhibits of the billing records. [129]; [129-1]; [130]. Mathias calculates the total attorneys' fees as $62,186.22 and the total costs as $2,035.90, the sum of which is $64,222.12. [129] ¶¶ 8–9. Plaintiffs do not explain the $4,183.60 difference in the amount asserted by Hollerich and by Mathias. Since Hollerich's affidavit admits that at least one of the figures ($3,500) is an estimate, and because Mathias's affidavit is supported by exhibits of the billing records, I rely on the latter.

Illinois law only assesses fees against a losing party when the fees are specifically authorized by statute or provided for by contract between the parties. *Northshore Univ. Healthsystem v. Graham*, 2012 IL App (1st) 110921-U, ¶ 20 (2012) (citing *McCormick v. McCormick*, 180 Ill.App.3d 184, 212 (1st Dist. 1988)). Section 5/13(A) of the Illinois Securities Law provides that if a purchaser prevails "in any action brought to enforce any of the remedies provided in this subsection, the court shall assess costs together with the reasonable fees and expenses of the purchaser's

---

[2] Hollerich uses 2011 as the date the harm occurred, [128] ¶ 7, which the record supports. *See* [121] at 7 (citing [107-1] at 18). I assume Hollerich's reference to six years is based on the difference between the 2017 filing date of her prove-up papers and the 2011 date of harm.

attorney against the defendant." 815 ILCS § 5/13. Since plaintiffs prevailed on their claim under that statute, they are entitled to recover their attorneys' fees.

To determine reasonable attorneys' fees, the court should consider: (1) the skill and standing of the attorney employed; (2) the nature of the cause and the novelty and difficulty of the questions at issue; (3) the amount and importance of the subject matter; (4) the degree of responsibility involved in management of the cause; (5) the time and labor required; (6) the usual customary charges in the community; and (7) the benefits resulting to the client. *Jacobs v. James*, 215 Ill.App.3d 499, 505 (4th Dist. 1991). Mathias has at least thirteen years of experience in commercial litigation; she was the managing partner of one firm in 2015, and then she became a partner at another firm in 2016. [129] ¶¶ 2–3. Her hourly rate in 2015 and 2016 was $350; it increased by $10 per hour in 2017. *Id.* ¶ 4. I find this rate to be reasonable considering her experience. Mathias's time entries sufficiently describe the work she performed in litigating this matter on behalf of plaintiffs. *See* [107-8] at 5–11; [129-1]; [130]. After reviewing her time entries, I conclude that the number of hours she spent completing those tasks was reasonably necessary. The billing records refer to four other individuals who worked on the case ("JPK," "EJM," "MJL," and "ARS"). *See* [130]. The tasks they performed and their corresponding rates are commensurate with the work that was called for, and I find that their hours and rates are also reasonable. As such, plaintiffs are entitled to recover $62,186.22 in attorneys' fees.

By contrast, plaintiffs are not entitled to all of their costs; not all of the costs were reasonably necessary here. Federal Rule of Civil Procedure 54(d) provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Yet, 28 U.S.C. § 1920 limits which costs may be recovered; "[e]xpenses that are not on the statutory list must be borne by the party incurring them." *Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1996). And, district courts have broad discretion in determining what costs to award. *Armstrong v. BNSF Ry. Co.*, 880 F.3d 377, 383 (7th Cir. 2018).

I decline to tax costs for FedEx (7/5/16) or for mailing documents (12/18/15); those costs should be covered by the attorneys' overhead. *See Ramirez v. Ill. Dep't of Human Servs.*, 2015 WL 1593876, at *4 (N.D. Ill. 2015). I also decline to tax the costs for the credit card processing fee (9/11/2015), which was incurred merely for the attorneys' convenience.

There were two charges for depositions (5/19/16 for $337.50 and 12/13/16 for $1,012.50), but plaintiffs did not identify the reason for those costs—court reporter attendance, transcript preparation, or something else (such as indexing). The record shows that plaintiffs ordered the transcript of Clayton Lawrie's deposition in

4

December 2016. *See* [103] ¶ 3. The transcript was 171 pages long. *See* [107-5] at 1, 28. According to the Judicial Conference rates, plaintiffs were entitled to recover $3.65 per page for that transcript ($624.15 total). That deposition occurred on May 10, 2016, between the hours of 10:00 a.m. and 2:35 p.m. *See id.* According to the Judicial Conference rates, plaintiffs were entitled to recover $220 for more than four hours of a court reporter's attendance. Thus, I tax defendants $844.15 for that deposition.

The costs for service of process (8/27/15, 8/28/15, 1/25/16, and 1/26/16) are reasonable and taxable, as are the requested exemplification costs (3/1/16). Given the unique circumstances of this case, I will also tax the Secretary of State fees for service because that was the only way for plaintiffs to effectuate service of process here (6/15/15, 6/19/15, and 9/3/15).

In sum, plaintiffs are entitled to $208,959.20 in compensatory damages, $62,186.22 in attorneys' fees, and $1,274.15 in costs.

ENTER:

Date: April 5, 2018

                           Manish S. Shah
                           U.S. District Judge